IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01673-GPG

RIOR ABDURAHMAN,

    Plaintiff,

v.

TERA HEART, I.C.E. Officer,
D.P. OFFICER SMART, Claim No. 2015-0461,
D.P. OFFICER PATRICK, Claim No. 2015-0461, and
D.P. OFFICER MICHAEL LUMBARD (D.P. Case Number P2015-0183),

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Rior Abdurahman, initiated this action by filing *pro se* a document that was docketed as a Complaint (ECF No. 1). On August 20, 2015, Mr. Abdurahman filed on the proper form a Prisoner Complaint (ECF No. 6). The court must construe the Prisoner Complaint liberally because Mr. Abdurahman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Abdurahman will be ordered to file a second amended complaint.

    As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the Prisoner Complaint is deficient. For one thing, Mr. Abdurahman fails to provide an address for each named Defendant. Mr. Abdurahman must provide a complete address for each named Defendant so that they may be served properly.

The Prisoner Complaint also is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Abdurahman fails to set forth a short and plain statement of whatever claims he intends to assert because he does not specify what those claims are and he fails to allege facts that demonstrate what each Defendant did that allegedly violated his constitutional rights.  Mr. Abdurahman also fails to provide a clear statement of the relief he seeks in this action.  Although Mr. Abdurahman attaches to the Prisoner Complaint a three-page narrative describing the factual background for the claims he apparently intends to assert, the attached narrative does not satisfy the pleading

requirements of Rule 8.

Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Mr. Abdurahman will be directed to file a second amended complaint that identifies the specific claims he is asserting and the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The court emphasizes that allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). Accordingly, it is

ORDERED that Mr. Abdurahman file, **within thirty (30) days from the date of**

**this order**, a second amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Abdurahman shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Abdurahman fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED September 18, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge