IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01673-GPG

RIOR ABDURAHMAN,

    Plaintiff,

v.

TERA HEART, I.C.E. Officer,
D.P. OFFICER SMART, Claim No. 2015-0461,
D.P. OFFICER PATRICK, Claim No. 2015-0461, and
D.P. OFFICER MICHAEL LUMBARD (D.P. Case Number P2015-0183),

    Defendants.

---

## ORDER

---

    This matter is before the court on the document titled "Civil Pro Bono Panel" (ECF No. 12) filed *pro se* by Plaintiff, Rior Abdurahman, on September 29, 2015. Mr. Abdurahman seeks assistance in finding pro bono counsel to represent him in this action. The court construes the document liberally as a motion for appointment of counsel. For the reasons stated below, the motion will be denied.

    Mr. Abdurahman is an inmate at the Denver County Jail in Denver, Colorado. He initiated this action by filing a document (ECF No. 1) that was docketed as a complaint. On August 20, 2015, in response to an order directing him to cure certain deficiencies, Mr. Abdurahman filed on the proper form a Prisoner Complaint (ECF No. 6). On September 18, 2015, the court ordered Mr. Abdurahman to file a second amended complaint that provides an address for each named Defendant and that provides a short and plain statement of his claims as required by Rule 8 of the Federal Rules of Civil Procedure.

The factors to be considered in deciding whether to appoint counsel generally include the merits of the claims, the nature of the factual issues raised, the plaintiff's ability to present his claims, and the complexity of the legal issues being raised.  *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).  Mr. Abdurahman alleges in the liberally construed motion for appointment of counsel that he lacks the knowledge and ability to comply with the court's order to file a second amended complaint.

The court does not believe that appointment of counsel to represent Mr. Abdurahman is necessary or appropriate at this time.  Based on the three-page narrative attached to the Prisoner Complaint (*see* ECF No. 6 at 7-9), it appears that Mr. Abdurahman has the ability to describe the factual basis for the constitutional claims he seeks to assert.  However, because it is not clear what those claims are or specifically what each Defendant did that allegedly violated his constitutional rights, the court is unable to determine at this time whether the claims may have sufficient merit to warrant appointment of counsel.  In particular, Mr. Abdurahman fails to provide specific allegations regarding the actions of any Defendant other than Tera Heart.  Therefore, the liberally construed motion to appoint counsel will be denied.  The court will, however, extend the time for Mr. Abdurahman to file a second amended complaint.  Accordingly, it is

ORDERED that the document titled "Civil Pro Bono Panel" (ECF No. 12), which the

court has construed liberally as a motion to appoint counsel, is denied.   It is

FURTHER ORDERED that Plaintiff shall have up to and including **November 6, 2015**, to file a second amended complaint on the court-approved Prisoner Complaint form as directed.   It is

FURTHER ORDERED that the instant action will be dismissed without further notice if Plaintiff fails within the time allowed to file a second amended complaint on the court-approved Prisoner Complaint form that clarifies the claims he is asserting as directed.

DATED September 30, 2015, at Denver, Colorado.

BY THE COURT:


s/ Gordon P. Gallagher

United States Magistrate Judge